UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAROLD GLEN BROWN,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendant.

Case No. C06-5073RBL

ORDER DENYING COUNSEL AND WARNING PLAINTIFF

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*. The Court reviewed plaintiff's complaint and entered an order to amend. (Dkt. # 5). Plaintiff has appealed that order. (Dkt. # 8). Plaintiff has also moved for appointment of counsel. (Dkt. # 7).

Plaintiff's motion for counsel states "[a]ll these Capello cases have settled except mine and a few others! See attached." (Dkt. # 7). Nothing is attached. Further, the court is not clear what plaintiff means by "Capello cases." Mr. Capello is a litigant in both state and federal court and reference to his name without a case number and indication which court the plaintiff is referring to is of little aid to the court.

ORDER

1   In considering plaintiff's motion for counsel the court notes there is a standard for
2   appointment of counsel in the Ninth Circuit. There is no right to have counsel appointed in cases
3   brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request
4   counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional
5   circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy,
6   745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of
7   exceptional circumstances requires an evaluation of both the likelihood of success on the merits and
8   the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues
9   involved. Wilborn, 789 F.2d at 1331.
10  Plaintiff has made no showing of likelihood of success on the merits. The current complaint
11  is deficient. Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. # 7) is **DENIED**.
12  The court is troubled by the plaintiff's failure to address the legal standard for appointment of
13  counsel in his motion. Under Federal Rule of Civil Procedure 11 plaintiff's signature on a pleading
14  is an indication the motion is brought in good faith and is not designed to needlessly increase
15  litigation costs. The court accepts that this motion was brought in good faith. Plaintiff is warned
16  that future motions should address the proper legal standard for the courts' consideration. Future
17  improper motions may result in sanctions including costs, monetary sanctions, and possibly dismissal
18  of actions.
19  The Clerk is directed to send plaintiff a copy of this Order.
20
21  DATED this 11th day of April, 2006.

Karen L. Strombom
United States Magistrate Judge

28  ORDER